[L. A. No. 231.  In Bank.—March 11, 1897.]

## VENTURA AND OJAI VALLEY RAILWAY COMPANY, RESPONDENT, *v.* F. HARTMAN, APPELLANT.

CORPORATIONS—SUBSCRIPTIONS TO STOCK—POWER OF ASSESSMENT.—A corporation cannot levy an assessment until after one-fourth of its capital stock has been subscribed, where the terms of the agreement of subscription do not otherwise provide.

ID.—TERMS OF SUBSCRIPTION—MEASURE OF LIABILITY—CONSTRUCTION OF AGREEMENT.—A subscriber to the stock of a corporation may, by the terms of his subscription, vary his liability to calls or assessments from that imposed by the statute, but the liability of the subscriber in such case is measured by the terms of his agreement, and is to be determined by a construction of the language used in the agreement.

ID.—PLEADING—EXHIBIT—LEGAL EFFECT OF SUBSCRIPTION CONTRADICTING ALLEGATION—DEMURRER.—Where a copy of the agreement of subscription, annexed to the complaint as an exhibit, shows a mere subscription to the shares set opposite the names of the subscribers, and to pay ten per cent in cash to the treasurer of the corporation, which cash payment appears to have been made, the legal effect of the subscription is to make further payments not otherwise than as assessments therefor might be legally made, and such legal effect of the agreement will prevail over an allegation that the defendant agreed to pay his subscription "when and as it might be demanded by said plaintiff," and such allegation must be disregarded; and where the complaint shows that one-fourth of the capital stock had not been subscribed when the assessment sued upon was levied, a demurrer to the complaint, upon the ground that it states no cause of action, should be sustained.

APPEAL from a judgment of the Superior Court of Ventura County.  B. T. WILLIAMS, Judge.

The facts are stated in the opinion of the court.

*Blackstock & Ewing*, for Appellant.

The complaint is ambiguous, as its allegation that

the defendant agreed to pay his subscription "when and as it might be demanded" is inconsistent with the agreement set out in the complaint. (*Palmer* v. *Lavigne*, 104 Cal. 30; *Mallory* v. *Thomas*, 98 Cal. 644.) As the agreement merely bound the defendant to "take the number of shares set opposite" his name, and contained no promise to pay on demand, a "call" or "assessment" was necessary in order to render the defendant liable. (1 Thompson on Corporations, sec. 1185; 2 Thompson on Corporations, secs. 1702, 1824; 1 Cook on Stocks and Stockholders, secs. 104–07, 120; 23 Am. & Eng. Ency. of Law, 804.) The complaint shows that only about one-ninth of the stock had been taken, and therefore no action could be maintained for the collection of an assessment thereon, as at least one-fourth of the stock must be first subscribed for in this state. (Civ. Code, sec. 331; *San Bernardino etc. Co.* v. *Merrill*, 108 Cal. 492; *Santa Cruz R. R. Co.* v. *Spreckels*, 65 Cal. 194.)

*Barnes & Selby*, for Respondent.

A subscription for shares of stock of a corporation implies a promise to pay for them, and this promise sustains an action to collect. (1 Cook on Stocks and Stockholders, 71, 121; Angell and Ames on Corporations, secs. 517–19; *Baines* v. *Babcock*, 95 Cal. 581, 590; 29 Am. St. Rep. 158; *Kohler* v. *Agassiz*, 99 Cal. 17.) The signing of the agreement constituted a "promise to pay," and where no time is fixed for payment, money owing is payable on demand. (5 Am. & Eng. Ency. of Law, 527; *Sweetland* v. *Barrett*, 4 Mont. 217.) It was not necessary to levy an assessment. (*California etc. Co.* v. *Callender*, 94 Cal. 127; 28 Am. St. Rep. 99; Angell and Ames on Corporations, secs. 19, 518.)

HARRISON, J.—The Ventura & Ojai Valley Railway Company was incorporated under the laws of this state April 21, 1892. Its capital stock, as provided in its articles of incorporation, was $250,000, divided into 2,500 shares of $100 each. Of this amount only 260

shares were subscribed at the commencement of this action. Prior to its incorporation a preliminary agreement therefor had been entered into between several individuals, which was to become operative in the event that $20,000 should be subscribed to its capital stock. This amount having been subscribed, the necessary steps for its incorporation were taken, and subsequently thereto the defendant, with others, subscribed the following agreement, which appears to have been annexed to the original subscription paper:

"Whereas, under and pursuant to the foregoing agreement and subscription there was incorporated the Ventura & Ojai Valley Railway Company, to the capital stock of which there was subscribed the amounts above named by the parties named respectively.

"Now, therefore, we, the undersigned, subscribe and agree to take the number of shares set opposite our names respectively, and thereon pay the amount in cash named, to wit, ten per cent of the amount of stock by us subscribed, to A. Bernheim, treasurer of such corporation:

| "SUBSCRIBERS. | STOCK SUBSCRIBED. | AMOUNT OF CASH. |
|---|---|---|
| "F. Hartman. | $2,000. | $200. Pd." |

Of the amount thus subscribed by the defendant, he paid to the plaintiff two installments of $200 each. It is alleged in the complaint that the plaintiff had incurred certain obligations in building its road above the amount received by it from its stockholders, and that to provide funds to meet the same, it had demanded from each of its stockholders an additional payment of forty per cent of the amount of their several subscriptions respectively; and that on or about the sixth day of June, 1895, it demanded from the defendant the payment of the sum of $800, being said forty per cent of the amount of the capital stock for which he had subscribed, and that the defendant had refused to pay the same. The present action was brought to recover this amount. The defendant demurred to the com-

plaint, and, his demurrer having been overruled, judgment was entered against him for the amount demanded by the plaintiff, from which he has appealed.

The right of the plaintiff to a recovery from the defendant depends solely upon the terms of the agreement of subscription made by him. Aside from the absence of all averments in the complaint of a compliance by the plaintiff with the statutory requirements for an assessment, it affirmatively appears therefrom that the plaintiff had no authority to levy an assessment upon its capital stock. Section 331 of the Civil Code gives authority to a corporation to levy such assessment only when one-fourth of its capital stock has been subscribed, and it is alleged that only 260 out of 2,500 shares of its capital stock had been subscribed. (See *San Bernardino etc. Co.* v. *Merrill,* 108 Cal. 490.)

That a subscriber to the capital stock of a corporation may by the terms of his subscription vary his liability from that which exists merely by virtue of the statute, has been frequently decided in this state. (*West* v. *Crawford,* 80 Cal. 19; *Marysville Electric Light etc. Co.* v. *Johnson,* 93 Cal. 538; 27 Am. St. Rep. 215), but, as in the case of all other obligations arising from contract, the liability of the subscriber in such cases is measured by the terms of his agreement. As a copy of the subscription agreement which the defendant signed is annexed to the complaint, the averment in the complaint that he thereby agreed to pay his subscription "when and as it might be demanded by said plaintiff," not being contained therein, must be disregarded, and the liability of the defendant is to be determined by a construction of the language used in the agreement. The agreement to "subscribe and take" the shares set opposite his name bound him as a stockholder in the corporation, but not to pay for the stock otherwise than as assessments therefor might be legally made. (Cook on Stocks and Stockholders, sec. 105.) The further agreement: "and thereon pay the amount in cash named, to wit, ten per cent of the amount of stock by

us subscribed, to A. Bernheim, treasurer of said corporation," is shown by the complaint to have been complied with.

As the defendant's liability to the plaintiff in the present action is based upon the terms of his agreement, the plaintiff's right to enforce the agreement was not affected by the indebtedness it had incurred in constructing the road, and the averments thereof in the complaint are immaterial.

The court should have sustained the demurrer to the complaint, on the ground that no cause of action is alleged against the defendant.

The judgment is reversed, and the superior court is directed to sustain the demurrer to the complaint.

TEMPLE, J., McFARLAND, J., VAN FLEET, J., GAROUTTE, J., and HENSHAW, J., concurred.