THE STATE OF KANSAS v. POOL GRINSTEAD.

No. 822.*  ( 61 Pac. 980.)

CRIMINAL LAW—*Burden of Proof—Instructions.* An instruction in a criminal case throwing upon the defendant the burden of proving the matters of defense to the satisfaction of the jury is erroneous, and is not cured by a general instruction giving the law as to the burden of proof and a reasonable doubt.

Appeal from Doniphan district court; WM. I. STUART, judge. Opinion filed July 11, 1900. Reversed.

*A. A. Godard,* attorney-general, *S. M. Brewster,* county attorney, *Ryan & Reeder,* and *Baker & Bell,* for The State.

*Harvey & Harvey,* for appellant.

*Per Curiam:* This is an appeal from a judgment of conviction upon an information charging the defend-

---

* Reversed by supreme court March 9, 1901.  See 62 Kan. 868, 64 Pac. 55.—REP.

ant with the publication of a criminal libel in a newspaper, the Wathena *Star*, of which he was editor and publisher.

There are three assignments of error, which we will consider in order.

1. That the court erred in overruling defendant's motion to quash the information for the reason that the same does not state facts sufficient to constitute a public offense.   The language set out in the information as constituting the libel is actionable *per se*, and it is not necessary that the information state that it tended to provoke to wrath or expose to public hatred. (*The State v. Osborn*, 54 Kan. 474, 38 Pac. 572.)

2. That the court erred in overruling the defendant's motion and petition for a change of venue.   The petition for a change of venue, and the evidence offered in support of and against the same, are identical with that in the case No. 821, *The State v. Grinstead*, ante, p. 78, 61 Pac. 976.   Upon the authority of that case, we must hold that the court erred in overruling the application for a change of venue.

3. That the court misdirected the jury in material matters of law.   The court instructed the jury:

"12. The article set out in the information as having been published and circulated by said defendant is libelous; and unless you believe from the evidence that such article was true and that it was published for justifiable ends, you should find the defendant guilty."

"17. If the jury believe from the evidence in this case, beyond a reasonable doubt, that the defendant published in said paper, in Doniphan county, Kansas, the alleged libel, and that the same was published of and concerning John A. Fulton, and that said publication tended to provoke said Fulton to wrath or expose him to public hatred, contempt, or ridicule, such publication is libelous, and the law presumes that the

same was published maliciously, and you should find the defendant guilty, unless you believe from the evidence that such article was true and it was published for justifiable ends."

"19. If you believe from the evidence in this case that the article complained of in the information is true, and that the defendant published the same for justifiable ends, then the defendant should be acquitted."

In these instructions the court plainly tells the jury that

"If you believe from the evidence in this case that the article complained of in the information is true, and that defendant published the same for justifiable ends, then the defendant should be acquitted;" . . . "And unless you believe from the evidence that such article was true, and that it was published for justifiable ends, you should find the defendant guilty." . . . "And you should find the defendant guilty unless you believe from the evidence that such article was true and it was published for justifiable ends."

Now, this is not the law. It is only incumbent upon the defendant to offer such proof in his defense, in regard to the truthfulness of the article alleged to be libelous and the object of its publication, or such defense as he may make, as is necessary to raise in the minds of the jury a reasonable doubt; and if such reasonable doubt arises, either from the evidence or from a lack of evidence, the defendant is entitled to an acquittal.

The court erred in its instructions to the jury. The burden of proof was not upon the defendant to establish his defense to the satisfaction of the jury before he could demand an acquittal. The court, therefore, erred in overruling the defendant's motion for a new trial. The judgment is reversed and the cause remanded.

WELLS, J.: I concur in the judgment reversing this case on account of erroneous instructions, but dissent from the conclusion that the court committed reversible error in refusing a change of venue.