[Civ. No. 13219.   Second Dist., Div. Two.   Feb. 25, 1942.]

FOX CHICAGO REALTY CORPORATION, LTD. (a Corporation), Appellant, v. ZUKOR'S DRESSES, INC. (a Corporation), Respondent.

Birger Tinglof and Walter H. Hewicker for Appellant.

Mitchell, Silberberg, Roth & Knupp and Leonard A. Kaufman for Respondent.

MOORE, P. J.—Plaintiff appeals from an unfavorable judgment entered upon an order sustaining a demurrer to the second amended complaint without leave to amend. He also attempted to appeal from the order sustaining the demurrer but, since such an order is not appealable, that part of the appeal is dismissed.

In 1930 plaintiff executed a ten-year lease in favor of defendant upon certain premises at a monthly rental of $4,166. On May 5, 1932, an unconditional agreement was executed reducing the monthly rental to $4,100. We shall hereafter refer to the latter figure as the agreed rental under the lease. Thereafter the lease suffered six written modifications, by each of which the rent was fixed at a less sum than that at first specified. In each of the six writings by which the lease was successively modified the following language was used:

"4. In the event of default in the payment of any installment of rent, *or in the performance of any other obligation to be performed by the Lessee* under said original lease or any amendment (including this amendment) under said lease, and such default in payment or performance shall continue for a period of ten days after written notice to the Lessee (time being of the essence) . . . then the *Lessee shall be obligated to pay, and the Lessor shall be entitled to collect, the entire unpaid portion of $4100.00 for each and every month for which the Lessee shall hereafter pay, or has heretofore paid, a lesser amount.*"

The last amendment of the lease occurred June 12, 1937, for the period ending June 14, 1942, and provided for a rental of $3,000 per month with an option granted to defendant to surrender the lease upon a four months' written notice and the payment of an additional $15,000. The lease was terminated pursuant to that provision as of June 14, 1940. The lease provided that the lessee might install certain fixtures which were to become the property of the lessor upon installation but that the lessee might remove such fixtures so installed provided they be replaced at the lessee's expense upon ten days' written notice.

In the original complaint demand was made for $15,000 damages for the removal of certain improvements as being a breach of the lease. In the first amended complaint demand was made for $19,166.66 for such damages. The second amended complaint contained two counts: count 1 for damages, in the amount of $18,000, resulting from the removal of certain portions of the store and from injuries to other portions; count 2, for the same damages demanded in the first count and in addition thereto a demand for the sum of $193,906.41, as rentals claimed to be due under the lease payable in the event of a breach of any of its covenants.

The demurrer having been overruled as to the first count and sustained as to the second, plaintiff thereupon filed its "Amendment to the Second Amended Complaint" in which it set forth by adoption the allegations and demand for $15,000 for the removal of certain improvements and for divers other injuries to the property and in addition thereto demanded the further sum of $159,450 as the difference between the rentals provided by the lease and the amounts actually paid during the several successive periods designated by the several modifications of the lease.

According to the complaint the $4,100 monthly rental provided by the lease was reduced for the successive periods, defined by the six amendments, to the following sums: for the first period to $2,500; for the second period, to $2,000; for the third period to $2,000; for the fourth period to $2,500; for the fifth period to $2,250; for the sixth period to $3,000 "commencing September 15, 1937, and ending midnight September 14, 1942, upon condition and only upon condition that defendant should perform each and every term and provision of the above mentioned lease on its part to be performed throughout the entire period of said lease; that . . . *in the event of default in the payment of any installment of rent or in the performance of any other obligation to be performed by the Lessee under said Lease or any amendment thereto, including said agreement, and such default in payment or performance should continue for a period of ten (10) days after written notice to the Lessee, then and in that event the Lessee should be obligated to pay . . . the entire unpaid portion of $4100, the minimum guaranteed rental, as provided for by the terms of said lease for the entire term thereof. . . .* That defendant defaulted in the performance of the obligations of the lease . . . in that defendant without the consent of plaintiff . . . removed from the exterior of the premises portions of the store front and removed from the interior of the store room certain portions of the store building . . . that plaintiff served upon defendant written notice advising defendant of its default in the performance of obligations to be performed by defendant . . . in that defendant was removing from the exterior of the demised premises portions of the store front in violation of the terms and conditions of said lease . . .; that defendant did not within ten days after receiving written notice from plaintiff or at all, cure said default or replace any of the portions of the interior . . .

within ten days after the service upon defendant of the above mentioned notice of default or at all; that by reason thereof, plaintiff is entitled to receive and collect from defendant the difference between the rentals actually received by plaintiff from defendant from the beginning of defendant's occupancy of the demised premises under said lease to the termination thereof and the amount provided to be paid by defendant to plaintiff as rental by the terms of said lease for said period, or the sum of $159,450."

It is not denied that each of the written modifications of the lease contained the identical provision for the payment of the "entire unpaid portion of $4,100 for each and every month" in the event of default of any obligation; or that the terms of the lease as amended were fulfilled in every respect until the removal of certain fixtures just prior to defendant's removal from the premises. We are to determine whether such provision for the collection of the unpaid portion of monthly rentals is enforcible.

■ It is the general rule that a condition or covenant of a contract is invalid if it provides for payment of a penalty or stipulated damages for the breach thereof. (Civ. Code, sec. 1670.) Likewise void is that provision of a lease which obligates the lessee to pay a specified sum upon the default of the lessee in the performance of any of its covenants. (*Jack* v. *Sinsheimer*, 125 Cal. 563, 566 [58 Pac. 130]; *Green* v. *Frahm*, 176 Cal. 259, 262 [168 Pac. 114].) The only circumstance under which the provision for the payment of liquidated damages may be enforced is "when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." (Civ. Code, sec. 1671.) Because the covenant for the payment of the differential was void a valid cause of action cannot be predicated thereon.

■ Moreover, the fact of the extreme difficulty in fixing the actual damage is an indispensable allegation to the collection of liquidated damages. Since this is so, the failure of plaintiff to plead facts that would have brought its case within the scope of section 1671 is fatal to the pleading. (*Long Beach etc. Dist.* v. *Dodge*, 135 Cal. 401, 405 [67 Pac. 499].) There are no facts in the amended pleading from which we could infer that the amount of damage suffered by plaintiff by virtue of the removal of the improvements could not readily be proved. On the contrary, the installation of such fixtures as those described in the pleading are of such

frequent occurrence that competent experts can calculate the cost thereof with practical accuracy. Such was in fact conceded by plaintiff when it alleged the facts constituting the damages to the property and thereupon demanded the sum of $15,000 as set forth in the first count.

There is nothing in item 4 of the sixth modification of the lease quoted above that might remove it from the category of a penalty. It is not necessary that a penalty be designated as such in specific terms before it may be so classified. A condition in a contract providing for the payment of money not earned is just as much a penalty as though it had been stipulated to penalize the promisor should he default in the performance of his promise. (*Ebbert* v. *Mercantile Trust Co.*, 213 Cal. 496, 498 [2 Pac. (2d) 776].) If the lease had contained a provision that the breach of any condition thereof should obligate him to pay to the lessor the sum of $159,000, there would be no question of its being properly classified as a penalty. But cloaked in the innocent verbiage of a condition requiring the lessee to pay $159,000 in the event he should fail to perform some covenant which is collateral to the main covenant, it is equally a penalty. (Williston on Contracts, sec. 793.) A provision in a contract exacting the payment of moneys for the violation of a collateral agreement is opposed to public policy and is not bereft of its vice because it may appear in the form of a condition. (Restatement of Contracts, sec. 302.)

Plaintiff argues that the $159,000 is merely a debt payable upon the happening of a certain event. But this cannot be so. There was no debt. For six successive periods the lease was modified by writings of unambiguous terms whereby the rentals were fixed at precise sums and those amounts were in all instances paid. The very language and nature of the modifying contract and the circumstances under which it was executed impress upon item 4 thereof the character of a provision for a penalty. (Williston on Contracts, sec. 782.) Where the language of a condition thus appears upon a fair construction to be a penalty, the obligation is thereby invalidated. Any provision by which money or property is to be forfeited without regard to the actual damage suffered calls for a penalty and is therefore void. (*Ebbert* v. *Mercantile Trust Co.*, *supra.*)

Plaintiff relies upon *Shady* v. *Mercantile Arcade Realty Co.*, 206 Cal. 363 [274 Pac. 340], in support of its contention

that the covenant to pay the differential between the rents collected and the rents promised by the lease is not a penalty. The only similarity we find between the two cases is that both involve leases and the parties effected a rent reduction. In the Shady lease the question of a penalty was not involved. No forfeiture was asked. After Shady had procured a reduction of rent from $900 to $700 monthly for eight months and at $1,000 for the succeeding 16 months, he held the premises during a part of the period of reduced rentals, then withdrew and repudiated the lease *in toto* and sued to cancel the lease. Arcade's demand was for the lease rental payable before the re-spread. No forfeiture was asked. Shady had not performed his modification agreement.

In pleading what it conceives to be the ultimate fact embodied in the fourth item of the final modification agreement, plaintiff made it appear that the obligation sought to be enforced arose out of a conditional promise on the part of plaintiff to relinquish an existing right, to wit the $4,100 monthly rental, on condition that defendant perform every obligation imposed by the lease and the amendments. It is not necessary for us to determine whether such pleading is sufficient for the reason that the final modification agreement is attached as an exhibit to the second amended complaint from which we have taken in exact words the fourth paragraph. In declining to attach it as an exhibit to the pleading now before us (Amendment to Second Amended Complaint) plaintiff has not obviated the effect of the exact language of the writing. Under such circumstances it was proper for the trial court, as it is for this court, to construe the allegations of the pleading before us by referring to the exhibit attached to the former pleading. (*Williamson* v. *Joyce,* 137 Cal. 151 [61 Pac. 980]; *Johnson* v. *Nolan,* 105 Cal. App. 293 [288 Pac. 78]; *Wennerholm* v. *Stanford U. Sch. of Med.* (Cal. App.) [113 Pac. (2d) 736]; *Ventura etc. Ry. Co.* v. *Hartman,* 116 Cal. 260 [48 Pac. 65]; *Alphonso E. Bell Corp.* v. *Bell View Oil Syndicate,* 46 Cal. App. (2d) 684, 116 Pac. (2d) 786.)

The contention that the modification agreement is invalid because it was not supported by a consideration cannot be maintained. Plaintiff did not plead want of consideration for the modification, which fact should be conclusive upon that issue. But if there had been no consideration for

the amendments to the lease, then the modification in each instance would have been a nullity and we would then be confronted with plaintiff's acceptance of reduced rentals and a waiver of the excess. Any arrangement mutually agreeable to both parties to a valid contract which has been wholly executed to their mutual satisfaction leaves no question of consideration for adjudication.

But since the modifications were in writing, a good and sufficient consideration is presumed to exist. (Code Civ. Proc., sec. 1963 (1939); Civ. Code, secs. 1614, 1615; *Flint* v. *Giguiere*, 50 Cal. App. 314, 318 [195 Pac. 85].) The complaint having thus pleaded a consideration, we are in no position to assume the contrary; but in the absence of a traversal of such declaration the pleading is final as to that question. (*Long Beach City School District* v. *Dodge, supra.*) But if we could consider the present action upon no basis other than a demand for the unpaid rentals, the presence of the declarations with reference to the modifications would, themselves, serve as a complete defense to the demand. (*California Safe Deposit Co.* v. *Sierra etc. Co.*, 158 Cal. 690, 698 [112 Pac. 274, Ann. Cas. 1912a, 729].)

Judgment affirmed.

Wood (W. J.), J., and McComb, J., concurred.