[Civ. Nos. 25733, 25885, 26238, 26428. Second Dist., Div. Three.
Dec. 10, 1962.]

ROSAMOND B. HALDANE, Plaintiff and Respondent, v.
ELDON O. HALDANE, Defendant and Appellant.

Eldon O. Haldane, in pro. per., for Defendant and Appellant.

Colton, Thompson & Thompson, Leonard S. Sands and Gordon Thompson, Jr., for Plaintiff and Respondent.

FILES, J.— This is a series of appeals taken by defendant from orders made after the entry of the interlocutory judgment in a divorce case. The interlocutory judgment was arrived at under the following circumstances: On July 6, 1960, a group of motions relating to temporary support and child custody came on for hearing before Judge Nix. Both parties were present with their respective attorneys of record. There was a conference in chambers, after which the parties in open court entered into a stipulation respecting the division of property and child custody and support. Alimony and counsel fees were waived. The parties then stipulated that the cross-complaint be withdrawn and that the matter be tried forthwith. Plaintiff and her son testified and the court granted plaintiff an interlocutory decree of divorce based upon the terms of the stipulation. Defendant and his attorney were present throughout, but offered no evidence. The interlocutory judgment was entered July 27, 1960. There has been no appeal from the judgment.

### Number 25733

 On January 13, 1961, defendant, having discharged his attorney and substituted himself *in propria persona,* filed a notice of motion to set aside the judgment "on the ground that the said Interlocutory Decree was obtained against the defendant through his mistake, inadvertence, surprise and excusable neglect, and other grounds, and will be based on the attached affidavit, and on all of the files, papers and proceedings herein." The document attached to the notice, and

called ''affidavit,'' was unsworn. The motion was not accompanied by any proposed pleading to be filed by defendant if relief were granted.

The trial court would have been justified in denying this motion out of hand. Code of Civil Procedure, section 473, governing motions of this kind, provides: ''Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted. . . .''

When the motion came on for hearing before Judge Beck on February 9, 1961, the court allowed defendant to testify, and to call other witnesses in support of his motion. After this hearing the trial court denied defendant's motion and granted the request of plaintiff for an award of counsel fees. Defendant was ordered to pay $175 to plaintiff's attorneys.

The substance of defendant's testimony on his motion was that he had changed his mind and desired to contest the divorce. Nothing which would constitute legal mistake, inadvertence, surprise or excusable neglect on his part was shown. The record shows that defendant was a member of the Georgia bar and had practiced law there for many years. There can be no doubt that he fully appreciated and intended the consequences of his stipulation made in open court. He acted on the advice of his own attorney, after the parties and their attorneys had negotiated in the presence of Judge Nix for approximately an hour and a half.

Defendant complains that the trial court limited his testimony to matters relating to the statutory grounds of his motion. What defendant was attempting to do was to give evidence going to the merits of the action. Such evidence was not material unless and until the court determined that there was some ground for setting aside the judgment. The fact that defendant had evidence which he could have offered at a trial was not such a ground.

Defendant argues now that the interlocutory decree should have been set aside because the evidence received at the trial did not include adequate corroboration either of the acts of cruelty or the plaintiff's residence. Even if it be assumed that the absence of corroboration could be made the basis of a motion to set aside the judgment, defendant did not make any showing on this point before the trial judge. At the hearing of the motion to set aside the judgment defendant offered in evidence a partial transcript of the oral proceedings of July 6, 1960. Objection to the offer was sustained on the

sole ground that the transcript was not complete. Defendant made no further offer of evidence on this subject. Thus the judge who heard the motion to set aside the judgment had no opportunity to learn whether there had been corroboration or not. (Cf. *Wilterdink* v. *Wilterdink,* 81 Cal.App.2d 526, 536 [184 P.2d 527].) Defendant's motion to set aside the judgment was properly denied.

Defendant contends that the award of attorneys' fees was improper because plaintiff waived attorneys' fees on July 6, 1960, when the terms of the interlocutory judgment were agreed upon. There is nothing in the record to indicate that plaintiff waived any attorneys' fees except those incurred to that time. The trial court properly interpreted the July 6 agreement and the interlocutory judgment as not constituting a waiver of fees for future services. The award of fees was proper under Civil Code, section 137.3.

### Number 25885

Between March 27 and May 25, 1961, defendant filed in the divorce action a series of documents which might be liberally construed as motions. They were so treated by the court and placed on calendar for hearing on June 21, 1961, before Judge Pfaff. These documents indicated that defendant desired the following action: That plaintiff's attorney be disqualified; that the order for child support payments be suspended; that there be a liberalization of visitation privileges, that the mother's custody of the children be changed to the joint custody of the parties; that the court "prohibit any travel by aircraft" by unspecified persons; that plaintiff be examined by a medical authority; that a conservator or guardian of plaintiff's estate be appointed, that a referee be appointed, and that plaintiff's attorney be required to defray the attorneys' fees for both parties.

Plaintiff's attorneys gave written notice that they would, at the June 21 hearing, apply for an order requiring defendant to pay counsel fees for services in opposing defendant's motions.

After hearing argument the court made a minute order on June 21, 1961, dismissing all of defendant's motions. The minutes do not indicate that any oral testimony was offered or received. The motion to disqualify plaintiff's attorney was dismissed as moot, since it appeared that this attorney had been substituted out of the case as of May 24, 1961. The order directed defendant to pay plaintiff's counsel $500 as attorneys' fees at the rate of $50 per month.

Defendant's contentions regarding his motions deserve only brief comment. A notice of motion must state the grounds of the motion and the papers on which it is to be based. (Code Civ. Proc., § 1010.) The trial court was able to determine, from the face of the notices and the papers referred to, that defendant had not established sufficient grounds for a modification of the interlocutory decree of divorce. ▉ The only factual basis offered for reducing child support payments was defendant's statement that he had lost his job. However, his own statement that he had earned $13,000 the previous year justified the conclusion that he did not lack the ability to contribute to the support of his children. (See *Meagher* v. *Meagher*, 190 Cal.App.2d 62 [11 Cal.Rptr. 650].)

Defendant apparently was under the impression that he would be permitted to call witnesses when his motions were heard. ▉ Motions are normally heard on affidavits alone. Although oral testimony may be received in the discretion of the court, it is ordinarily not an abuse of discretion for the trial judge to decide solely on the basis of the papers before him. (*Skouland* v. *Skouland*, 201 Cal.App.2d 677 [20 Cal. Rptr. 185].)

In this case the trial judge had excellent reasons for dismissing the motions on the insufficiency of the application which was before him. Defendant's moving papers consisted mainly of an intemperate attack upon the motives and professional qualifications of the attorney who had originally represented plaintiff. Defendant's briefs on appeal are largely of the same kind of material, stated for the most part in the form of his opinions and conclusions. Defendant has failed to recognize that after the divorce had been granted and the motion to set it aside had been denied, he could reopen this action only for the purpose of having the decree enforced or modified upon certain legal grounds. All of his other grievances, whether real or fancied, have no place in this action and it is an imposition upon the plaintiff, her counsel, and the court to encumber the record with such extraneous material.

▉ This court cannot say that the award of $500 in attorneys' fees for services in the trial court was improper. ▉▉ "The motion for the allowance of counsel fees and costs in a divorce action is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal." (*Primm* v. *Primm*, 46 Cal.2d 690, 696 [299 P.2d 231].) Despite the lack of merit in defendant's motions, it was doubtless an arduous

and time consuming task to analyze the conglomeration which defendant dumped into the record, and prepare to meet it.

 Defendant has cited a number of older cases stating that the court is without power to order payment for past services. Defendant has failed to note that this former rule was changed by the 1953 amendment of Civil Code, section 137.3. (Stats. 1953, ch. 620, § 1, p. 1864.) This section now includes the following language: ''Attorney's fees and costs within the provisions of this section may be awarded for legal services rendered or costs of action incurred prior, as well as subsequent, to any application or order of court therefor. . . .''

### Numbers 26238 and 26428

On November 16, 1961, defendant filed a notice of motion asking the court to ''sit as a magistrate'' and investigate what offenses had been committed, to disqualify plaintiff's attorneys of record, to restrain them and to require them to account, to inquire into plaintiff's competency and appoint a guardian for her.[1]

On November 21, 1961, defendant filed a notice of motion asking a medical examination of plaintiff, for an abatement of the action, and for an order compelling plaintiff to appear and produce records.

On November 22, 1961, defendant filed a motion for an order modifying the visitation provisions of the decree, and again asking for a physical and mental examination of plaintiff.

On November 27 plaintiff served a notice of motion for an allowance of attorneys' fees in connection with defendant's appeal from the order of June 21, 1961 (appeal 25885).

All of these motions came on before Judge Pfaff on January 11, 1962. The minutes of that day show that the motion of defendant whereby he sought relief against the attorneys was

---

[1] In fairness to the persons named, it should be noted that the alleged wrongs of the attorneys are unsupported by any statement of evidentiary facts. In all of the papers which defendant has placed in this record containing such charges, the only facts set forth (as distinguished from opinions and conclusions) are (1) that the attorneys have represented plaintiff in obtaining the judgment and orders which the superior court has made against defendant, and (2) one of these attorneys caused a petition to be filed against defendant asking his examination as a mentally ill person. Defendant has included in the record of this case a copy of the papers filed in the mental illness proceeding. These papers show that the petition which initiated that proceeding was filed by a deputy sheriff, upon the order of Judge Nix, who was acting upon his observation of the behavior and statements made by defendant in connection with this divorce action. That petition was ultimately dismissed upon the finding of medical examiners that defendant was not mentally ill.

denied. All of the other motions of defendant were dismissed. Defendant was ordered to pay to plaintiff's attorneys for fees and costs on appeal Number 25885 the sum of $1,000 payable forthwith.

On January 23, 1962, plaintiff gave notice of a motion for an allowance of $2,500 for fees and costs in defendant's appeal from the order of February 9, 1961 (appeal 25733). On January 30 the court ordered that defendant pay plaintiff's counsel $1,000 as attorneys' fees and $300 on account of costs.

Defendant has appealed from the order of January 11, 1962 (appeal 26238) and the order of January 30, 1962 (appeal 26428).

 Again the moving papers submitted by defendant failed to make any showing which would require the court to make any of the orders which he sought. The court's refusal to act was not error. The minutes show that defendant was sworn and testified. From the form of the minutes, we infer that this testimony was taken in connection with defendant's accusations against the attorneys, since that group of motions was "denied" rather than "dismissed." It thus appears that defendant did have an opportunity to offer whatever evidence he had. The transcript of the oral proceedings has not been made a part of the record on appeal. Without such a record we cannot infer that defendant proved anything which would entitle him to any relief. (Cal. Rules of Court, rule 52;* *Hearst Publishing Co.* v. *Abounader,* 196 Cal.App.2d 49 [16 Cal.Rptr. 244].)

Defendant argues that the trial court disregarded *Whitlow* v. *Superior Court,* 87 Cal.App.2d 175 [196 P.2d 590]. That case arose when a superior court judge conducted a formal investigation of charges that certain attorneys had conspired with an official court reporter to alter a transcript. The holding of the appellate court was that it would not issue a writ of prohibition to halt the proceeding. Assuming that the trial court here had power to investigate defendant's charges against the attorneys, it does not follow that the court is required to put aside its regular business and embark upon such a course upon the demand of any embittered litigant. The record fails to show that defendant's motions were based on anything more substantial than his obdurate refusal to recognize that his wife could, in her right mind for her own good reasons, separate from him, divorce him and take custody of their children.

*Formerly Rules on Appeal, rule 52.

Defendant contends that Judge Pfaff was disqualified to conduct the hearings on January 11 and January 30, 1962, because on November 29, 1961, defendant filed an affidavit of prejudice. This affidavit contains no statement of any facts constituting any grounds of disqualification under Code of Civil Procedure, section 170. The only factual basis asserted for the claimed disqualification is that Judge Pfaff made the order of June 21, 1961, which defendant contends is an erroneous order.

Code of Civil Procedure, section 170.6, provides for the disqualification of a judge upon the simple sworn statement of the party that the judge is prejudiced and that the party believes he cannot have a fair and impartial hearing before such judge. However, a motion under this section must be made before a hearing has commenced before this particular judge. In considering the effect of this limitation in a guardianship matter involving successive hearings, the Supreme Court said:

"Although the statute does not expressly so provide, it follows that, since the motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings.

"In situations involving guardianship and custody orders subsequent proceedings to obtain changes in custody are continuations of the original proceeding to determine custody." (*Jacobs* v. *Superior Court*, 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9].)

The matters before Judge Pfaff on January 11 and January 30, 1962, were continuations of the proceedings which were before him on June 21, 1961. Defendant's motions heard on January 11 were mainly a restatement of what he had sought and the court had denied on the previous occasion. Plaintiff's application for attorneys' fees and expenses on appeal did present a new issue of a kind not before Judge Pfaff at the June 21, 1961, hearing. Nevertheless, the allowance of suit money is so much a part of the whole controversy over child custody that we consider a hearing over fees to be a "continuation of the original proceedings" within the meaning of the rule. (See *Thompson* v. *Superior Court*, 206 Cal.App.2d 702, 707 [23 Cal.Rptr. 841].)

Since the affidavit filed by defendant was neither timely under Code of Civil Procedure, section 170.6, nor fac-

tually sufficient under section 170, Judge Pfaff was entitled to disregard it. (*Mackie* v. *Dyer*, 154 Cal.App.2d 395 [316 P.2d 366].)

Defendant contends that the court was without jurisdiction to award attorneys' fees on appeal because the interlocutory decree and all subsequent proceedings are void by reason of the absence of evidence at the trial to corroborate plaintiff's residence. Defendant does not claim that plaintiff was not a bona fide resident, but only that she failed to offer sufficient proof at the trial.

As a part of the record on appeal defendant has brought up the full reporter's transcript of the proceedings at the trial held on July 6, 1960. This transcript shows that plaintiff testified that she had lived all of her life in Los Angeles County, but no other witnesses testified concerning her residence. Although this oversight was judicial error which would have required a reversal if an appeal had been taken from the judgment (*Flynn* v. *Flynn*, 171 Cal. 746 [154 P. 837], it does not follow that the interlocutory decree was void. The decree itself was regular on its face, and after the time for appeal had gone by it could be set aside only upon grounds applicable to final judgments generally. (*Heathman* v. *Vant*, 172 Cal. App.2d 639 [343 P.2d 104]; *Lowenthal* v. *Lowenthal*, 130 Cal. App.2d 527 [279 P.2d 119]; see *Grannis* v. *Superior Court*, 146 Cal. 245, 253 [78 P. 891, 106 Am.St.Rep. 23].) The trial court had jurisdiction to try the divorce case and make an interlocutory judgment, and then to hear defendant's motion to set it aside. Because this action was pending before it, the court had jurisdiction to order the payment of attorneys' fees under Civil Code, section 137.3. (Cf. *Chernow* v. *Chernow*, 128 Cal.App.2d 816 [276 P.2d 622].)

The amount of allowed fees for services on appeal cannot be justified. The two orders required defendant to pay a total of $2,300 to plaintiff's attorneys forthwith for services and costs in opposing defendant's appeals in Numbers 25733 and 25885. The difficulties which plaintiff's counsel faced in the trial court in preparing to meet defendant's reckless assertions of fact and in trying to anticipate how far the trial court might allow defendant to go on his unorthodox motions and irregular procedure did not burden counsel on the appeal. In this court, appellant can do no more than point out claimed errors of law in a settled record. Plaintiff's counsel had no problems concerning the preparation of the record in any of the four appeals. A single brief of 26 pages

was written on behalf of respondent for all four cases. There was no oral argument.

We cannot avoid noticing that defendant is not the only person concerned with the size of this allowance. Defendant is required to pay child support of $15 per child per week for his three children who are in the mother's custody. Both parties have asserted that the mother is nearly destitute. The fact that three children, aged 15, 10 and 6, are living on $45 per week indicates that the court has found defendant to be a man of limited means. To whatever extent defendant must pay attorneys' fees, his ability to pay child support is *pro tanto* diminished.

We consider $500 to be an adequate fee for the services rendered by plaintiff's attorneys in connection with these appeals. The full cost of her brief and any other costs properly taxable in the first three appeals will be recovered as an incident of the affirmance.

In Number 25733 the order of February 9, 1961, is affirmed. In Number 25885 the order of June 21, 1961, is affirmed. In Number 26238 the order of January 11, 1962, is modified by reducing the amount of attorneys' fees to $250, and as so modified, the order is affirmed. In Number 26428 the order of January 30, 1962, is modified by reducing the amount payable to $250, which shall be paid as the attorneys' fee, and as so modified, the order is affirmed. Respondent will recover costs in Numbers 25733, 25885 and 26238. Appellant will recover costs in Number 26428.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied December 28, 1962, and appellant's petition for a hearing by the Supreme Court was denied February 6, 1963.