[Civ. No. 27373. Second Dist., Div. Four. Oct. 23, 1963.]

ELDON O. HALDANE, Plaintiff and Appellant, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Defendants and Respondents.

Eldon O. Haldane, in pro. per., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, Donald K. Byrne and John J. Collins, Deputy County Counsel, for Defendants and Respondents.

BURKE, P. J.—Plaintiff was a defendant in a divorce proceeding. Judgment was entered against him from which he appealed. The appeal was unsuccessful and a hearing was denied by the Supreme Court. (*Haldane* v. *Haldane*, 210 Cal. App.2d 587 [26 Cal.Rptr. 670].) Thereupon plaintiff brought an action in equity to set aside the judgment (the interlocutory decree of divorce) entered in the former action, alleging undisclosed disqualification of the trial judge on the grounds of prejudice. In such action he joined as defendants the Superior Court of Los Angeles County and his wife, who was plaintiff in the preceding action. General demurrers were filed by both defendants which were sustained without leave

to amend and thereupon a judgment of dismissal was entered as against defendant superior court only. No judgment of dismissal was prepared by counsel for the defendant wife, nor entered. From such judgment plaintiff appeals, "stipulating" that a judgment of dismissal could be deemed entered in such action *nunc pro tunc* as against his defendant wife; from such *nunc pro tunc* "judgment" he likewise purports to appeal.

■ Defendant superior court contends correctly it is not a proper party to the action. As in *Haase* v. *Gibson*, 179 Cal.App.2d 256, 258 [3 Cal.Rptr. 806], "The sole purpose of this action, as indicated by the prayer of the complaint, is to set aside as void a judgment of the superior court. An equitable action to set aside an order or judgment on the ground that it is void ordinarily is one by 'the losing party against the successful party.' (3 Witkin, California Procedure, 2120, Judgment, § 67.)"

■ The complaint alleged in part that the judge had received unsworn representations concerning the defendant in that action in privacy and secrecy and had prejudged the case as a result thereof. Assuming, without deciding, such allegations to have been both sufficient and true, they would not support a cause of action against the superior court itself. The proper action is against the plaintiff in the prior action. ■ Where the disqualification of a judge is known before trial, sections 170 and 170.6, Code of Civil Procedure, present the remedy. Where the facts become known after trial, a timely motion in the action itself, such as a motion for new trial, or motion to vacate the judgment, or, if such motions are unavailing, a suit in equity against plaintiff, are the proper means of seeking relief. (Civ. Code, § 3523; *Cadenasso* v. *Bank of Italy*, 214 Cal. 562, 570 [6 P.2d 944]; *Wuest* v. *Wuest*, 53 Cal.App.2d 339, 346 [127 P.2d 934].)

In the prayer of his complaint plaintiff asked that the judges in departments 42 and 95 of the superior court be disqualified from any further handling of any part of the litigation. This added nothing to his cause of action. In the form presented, the request was obviously incongruous. ■ It requested the superior court to issue mandamus and prohibition against itself. This, the superior court has no power, authority or jurisdiction to do. (*Legg* v. *Superior Court*, 156 Cal.App.2d 723, 725 [320 P.2d 227].) Mandamus or prohibition may be issued only by a court to another court

of inferior jurisdiction. (Code Civ. Proc., §§ 1085, 1103.)[1]

██ Accordingly, it is apparent that the plaintiff in his purported equity action in the superior court has improperly joined the superior court as such as a party defendant in said proceeding.

With respect to plaintiff's purported appeal from a nonexistent judgment, he is not properly before this court. No judgment of dismissal is of record against the defendant wife, counsel for the wife not having prepared such as ordered by the court. ██ The order sustaining the general demurrer of the wife without leave to amend is not an appealable order. (*Fox Chicago R. Corp.* v. *Zukor's Dresses, Inc.*, 50 Cal.App.2d 129 [122 P.2d 705]; *Evans* v. *Shanklin*, 16 Cal.App.2d 358, 363 [60 P.2d 554].)

The judgment dismissing plaintiff's action against the Superior Court of Los Angeles County is affirmed.

Plaintiff's attempted appeal from the nonexistent *nunc pro tunc* judgment dismissing plaintiff's action against his defendant wife is dismissed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 5, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 18, 1963.

---

[1]We do not, of course, imply that a timely objection, apart from the complaint, could not be made to assignment of the equity action to a judge whose conduct is in issue in the case. As we point out in the text, however, the procedure of making such objection is that set out in sections 170 and 170.6 of the Code of Civil Procedure, not by prayer in the original complaint.