[Civ. No. 28279. Second Dist., Div. Four. Feb. 18, 1965.]

ELDON O. HALDANE, Plaintiff and Appellant, v. ROSA-MOND B. HALDANE, Defendant and Respondent.

Eldon O. Haldane, in pro. per., for Plaintiff and Appellant.

Colton, Thompson & Thompson and Gordon Thompson, Jr., for Defendant and Respondent.

KINGSLEY, J.—Plaintiff was a defendant in a divorce proceeding. Judgment was entered against him. Thereafter an attempt to set aside the decree under section 473 of the Code of Civil Procedure, and sundry other attacks on the decree and its operation, were made, denied, and the denials

affirmed on appeal. (*Haldane* v. *Haldane* (1962) 210 Cal.
App.2d 587 [26 Cal.Rptr. 670].) Hearing in the Supreme
Court was denied. Plaintiff then instituted the present action
in equity, seeking to set aside the interlocutory decree. The
action was against "the Superior Court of Los Angeles
County and Rosamond B. Haldane." Demurrers by both
defendants were sustained without leave to amend, and plain-
tiff appealed to this court. We affirmed the dismissal as to
the court, for reasons set forth in our opinion in *Haldane* v.
*Superior Court* (1963) 221 Cal.App.2d 483 [34 Cal.Rptr.
572], but dismissed a purported appeal involving Mrs. Hal-
dane, for the reason that no final judgment of dismissal had
then been entered as to her. Plaintiff thereafter procured the
entry of a formal judgment and his appeal from that judg-
ment is now before us.

The complaint is full of a series of allegations as to actions
allegedly taken by the trial judge, after entry of the inter-
locutory decree, which are claimed to have resulted in the
unlawful arrest and imprisonment of plaintiff. Whatever
rights, if any, that may flow from this conduct, it is clear
that they state no cause of action against Mrs. Haldane, who
was not therein involved.

The allegations that have some possible bearing on plain-
tiff's attempt to set aside the decree of divorce are as follows:

## "III

"That on July 6, 1960, the matter [the original divorce
suit] came before the judge in Department 42 at Los Angeles
on an order to show cause, whereupon the judge shuttled the
parties back and forth between his chambers and the court
room; unknown to then defendant Haldane, the judge
developed a violent prejudice and bias against the then
defendant Haldane which disqualified him from deciding
the case at all, and which would have resulted in a motion
to disqualify on the ground of prejudice and bias, had attor-
ney Miller [Mr. Haldane's then counsel of record] or his
client known or suspected the prejudice and bias to exist.

## "IV

"That the judge had received, ex parte, unsworn repre-
sentations concerning this unwilling litigant, in privacy and
secrecy; he prejudged the case, coerced attorney Miller and
this unwilling litigant into dismissing defensive pleadings,
promised to fairly consider the sworn testimony in support
of plaintiff's case, and the purported corroboration.

"V

"However, the judge in Department 42 had, unknown to then defendant or his attorney, already determined to grant plaintiff a divorce, did so on weak testimony from an ill and distraught woman, without any corroboration whatsoever, which interlocutory decree, erroneously granted by a prejudiced and biased judge, was entered July 27, 1960."

█ Reference to the records of this court in connection with the two earlier cases above cited discloses that appellant had voluntarily and knowingly participated in the procedure whereby the trial court, in an effort to secure an adjustment of the marital difficulties between Mr. and Mrs. Haldane, had discussed their problems, in chambers, with and without the presence of both parties. Disregarding, therefore, the allegation that the trial judge had received ex parte statements concerning him, since appellant had consented to such a procedure, and disregarding other allegations which were decided adversely to him in the previous litigation, it appears that the gist of appellant's present action is his contention that the trial court was prejudiced against him and, therefore, that he was denied a fair trial of the divorce action. However, it appears from paragraph III of the complaint, above quoted, that the prejudice which the trial judge is alleged to have formed against appellant was one which arose out of the proceedings in the divorce action itself. This is not such a bias or prejudice as disqualifies a judge from continuing to hear the case then before him. █ "A judge may not properly try a case where he has formed partisan opinions from outside sources, but a trial judge will normally and properly form opinions on the law, the evidence and the witnesses, from the presentation of the case. These opinions and expressions thereof may be critical or disparaging to one party's position, but they are reached after a hearing in the performance of the judicial duty to decide the case, and do not constitute a ground for disqualification." (1 Witkin, Cal. Procedure, Courts, § 41, pp. 170-171.)

Plaintiff's brief on appeal states: "The complaint is grounded directly on *Cadenasso* v. *Bank of Italy,* 214 Cal. 562, 563 [6 P.2d 944]." In that case, a judgment was set aside because it subsequently appeared that the trial judge was disqualified because he was a stockholder of the plaintiff corporation. There is nothing comparable to that in the case at bench.

*Wuest* v. *Wuest,* 53 Cal.App.2d 339 [127 P.2d 934], cited in plaintiff's brief on appeal, also deals with facts which are quite different from those here. In that case, as in this one, the action was brought to set aside a divorce judgment. Mrs. Wuest alleged that while the divorce case was in trial, the judge informed her counsel ''that unless she stipulated to dispose of the community property in a certain manner the court 'might not' grant her a decree, and also insisted that findings be waived to the end that no appeal might be prosecuted from the interlocutory judgment.''

In the complaint filed in the present action, there is no suggestion that the trial judge ever told the parties how he would decide the divorce case or ever threatened or promised any particular decision. To the contrary, the gravamen of the charge here is that the judge concealed his feelings until he announced his decision. It is alleged in paragraph IV that the judge ''promised to fairly consider the sworn testimony in support of plaintiff's case, and the purported corroboration.'' The complaint does assert, by way of conclusion, that the court ''coerced attorney Miller and this unwilling litigant into dismissing defensive pleadings, . . . ,'' but this allegation, in its context, appears to be the pleader's interpretation of the effect of the judge's alleged promise ''to fairly consider the sworn testimony.'' There is no allegation or any contention that Mr. Haldane (plaintiff here and defendant in the divorce action) did not fully understand and intend the consequences of withdrawing his defensive pleading at the time he did so.* What Mr. Haldane is complaining about, as the detailed allegations of his complaint and his brief on appeal make clear, is that the trial judge developed a bias and prejudice against him during the course of the proceedings. For this, no judicial relief is possible.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied March 4, 1965, and appellant's petition for a hearing by the Supreme Court was denied April 14, 1965. Burke, J., did not participate therein.

---

*The proceedings in the trial court are described with more particularity in *Haldane* v. *Haldane, supra* (1962) 210 Cal.App.2d 587, 590,