[No. G000501. Fourth Dist., Div. Three. Sept. 27, 1985.]

In re the Marriage of GRACE M. and VERNON W. HUNT, JR.
GRACE M. HUNT, Appellant, v.
VERNON W. HUNT, JR., Respondent.

## COUNSEL

Hughes & Associates and Lisa Keehan Hughes for Appellant.

Vernon W. Hunt, Jr., in pro. per., for Respondent.

## OPINION

**TROTTER, P. J.**—Grace M. Hunt challenges the dismissal of an order to show cause [OSC] regarding modification of pendente lite spousal support. She contends an involuntary dismissal was not authorized under Code of Civil Procedure section 581 because only an oral motion to dismiss had been made. We conclude involuntary dismissal of the OSC was not authorized under any circumstances, and remand because the superior court did not exercise its discretion to exclude or receive oral testimony.

Wife filed a petition for dissolution of marriage and an OSC regarding pendente lite spousal support. At the OSC hearing, the superior court found husband's monthly income was $5,762 and ordered spousal support in the amount of $2,800 per month.

Wife subsequently filed an OSC requesting an increase in pendente lite spousal support. In the application, wife declared: "[wife] has received information that [husband's] income is substantially greater than that presented at the previous hearing."

When the OSC came on for hearing, husband moved to dismiss because wife had failed to sufficiently allege a change of circumstances. The superior court granted the motion, thereby depriving wife of the opportunity to present oral testimony. Wife appeals,[1] claiming Code of Civil Procedure

---

[1] The order of dismissal is appealable under *In re Marriage of Skelley* (1976) 18 Cal.3d 365 [134 Cal.Rptr. 197, 556 P.2d 297] because it is dispositive of the rights of the parties in relation to a collateral matter. "[T]he retroactive effect of any modification . . . of support is limited to the date of filing the . . . order to show cause, or any date subsequent thereto. (Civ. Code, § 4801.)" (*Id.*, at p. 369.)

section 581 governs the dismissal in this case and requires husband file a demurrer or a motion to strike before an involuntary dismissal may be ordered. She contends an oral motion to dismiss may not be the basis for involuntary dismissal because it provides no notice. She further argues she should have been granted leave to amend.

We find Code of Civil Procedure section 581 is not applicable to an OSC for it only permits dismissal of *actions* under certain specified conditions. California Rules of Court, rule 1206 provides in pertinent part: "Except as otherwise provided in these rules, all provisions of law applicable to civil actions generally apply regardless of nomenclature to a proceeding pursuant to the Family Law Act *if they would otherwise apply to such proceeding without reference to this rule. . . .*" (*Ibid.,* italics added.) Since an OSC is in effect a notice of motion (*Donald J.* v. *Evna M.* (1978) 81 Cal.App.3d 929, 933 [147 Cal.Rptr. 15]), a provision such as Code of Civil Procedure section 581 which deals with actions would *not* "otherwise apply."

Husband cites *Haldane* v. *Haldane* (1962) 210 Cal.App.2d 587 [26 Cal.Rptr. 670] for the proposition an OSC may properly be dismissed when the application is insufficient. While it is true the *Haldane* court affirmed the dismissal of "a series of documents which might be liberally construed as motions," (*id.,* at p. 592) we disagree with the notion dismissal is an appropriate disposition of a motion or an OSC. There is no statutory authority comparable to Code of Civil Procedure section 581 which permits a court to dismiss a motion or an OSC.

In the context of this case, the only authorized dispositions were to "grant or deny the relief," and either could have been done "solely on the basis of the application and response and any accompanying memorandum of points and authorities, . . ." (Cal. Rules of Court, rule 1225, subd. (a).) As a concomitant, the superior court had discretion to receive or exclude testimony. (*Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 485 [114 Cal.Rptr. 356].) Thus, the superior court could have excluded oral testimony and denied the OSC based on insufficiency of the application. However, the court did not do that; in fact it indicated it had *no* discretion in the matter. The court stated "the declarations should be as specific as if the answers were given on direct examination. Now, that's what the law is and this declaration . . . does not conform to it." Later, when wife's attorney complained about the delay entailed in filing another OSC, the court declared: "I can appreciate all that. I'm bound to follow the law if counsel brings up a legal objection."

We conclude the court erred in dismissing the OSC. Furthermore, although the court could have denied the relief requested on the basis of the

application alone, it also had discretion to receive oral testimony and grant relief. Since the court did not exercise its discretion because it did not believe it had any, the matter must be remanded to it for that purpose. (*Reifler* v. *Superior Court, supra,* 39 Cal.App.3d 479, 485.)

Husband's request for sanctions is denied. The matter is remanded to the superior court for proceedings consistent with this opinion.

Sonenshine, J., and Crosby, J., concurred.