Filed 6/18/14  Caldwell v. Ecobaby Organics CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MICHAEL CALDWELL, | D064078 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2009-00091247-CU-BT-CTL) |
| ECOBABY ORGANICS, INC., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Frederic L. Link, Judge.  Affirmed.


Michael Caldwell, in pro. per.

Gaston & Gaston and Matthew J. Faust for Defendant and Respondent.


Michael Caldwell appeals a judgment notwithstanding the verdict (JNOV) entered against him and in favor of respondent Ecobaby Organics, Inc. (Ecobaby Organics).

Caldwell contends:  (1) the trial judge was biased and had a conflict of interest because of

his friendship with the father of respondent's attorney; (2) the trial judge violated Caldwell's constitutional right to due process by stating, without supporting evidence, that he did not believe Caldwell's testimony, thus implying Caldwell had committed perjury; (3) there was no evidence to support the court's decision "to amend" the jury's verdict and award $750,000 to respondents. Ecobaby Organics has not filed a respondent's brief. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Caldwell's opening brief states: "Ms. Edmunds [Caldwell's former wife] was not complying with discovery in the family law case so as a shareholder of Ecobaby Organics, Inc., I requested information I was entitled to as a shareholder and allowed by law. Ecobaby Organics, Inc. failed to comply so I was forced to file this lawsuit. After this it was discovered that Ecobaby was indeed profitable. I had been providing hosting services for Ecobaby for years and under the terms of service I requested payment for services rendered. Ecobaby failed to make payment and failed to move their web site. After numerous attempts to collect and according to the terms of service I shut down the web site at which point Ecobaby promptly moved their web site in less than 24 hours."

Caldwell summarizes the procedural history of this case as follows: "Michael Caldwell filed suit for production of documents as allowed by law for corporate shareholders. [¶] Mrs. Edmunds then filed a counter suit for breach of fiduciary duty for shutting down Ecobaby's web site for failure to pay, a totally unrelated matter. [¶] Michael Caldwell prevailed at a jury trial on every count. Judge Link ruled against

Michael Caldwell on every county [*sic*] and in complete opposition to the jury verdict and awarded Ecobaby $750,000.00 because he 'didn't believe [Caldwell].' "

DISCUSSION

We begin with these basic appellate principles:  " 'A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  When the record is silent, we presume the trial court made the factual findings necessary to support its order.  (*Ibid*.; *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [citing cases; appellate court starts with presumption that the record contains evidence to sustain every finding of fact].)  "It is the appellant's burden, not the court's, to identify and establish deficiencies in the evidence."  (*Huong*, at p. 409.)

Further, if an issue is not supported by pertinent or cognizable legal argument it may be deemed abandoned and there is no need for the reviewing court to discuss it.  (*Landry v. Berryessa Union School Dist*. (1995) 39 Cal.App.4th 691, 699-700; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1120.)  Caldwell's opening brief contains no citation to the clerk's transcript, which at any rate lacks a copy of Caldwell's complaint or any other pleading.  Rather, the only relevant documents in the clerk's transcript are Caldwell's trial brief; a minute order showing the court granted JNOV in favor of Ecobaby Organics; and a notice of entry of the court's amended judgment, with the jury's

3

special verdict form attached as an exhibit. Caldwell did not designate a reporter's transcript as part of the appellate record.[1]

Caldwell's brief is substantively deficient as well. He nowhere discusses the applicable standards of appellate review of an order granting JNOV. Because Caldwell does not acknowledge the relevant standards of review, he necessarily does not tailor his arguments according to the substantial evidence standard, as he must. (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.) Nor does Caldwell provide any legal authority or legal argument demonstrating why we should conclude the trial court prejudicially erred in granting JNOV. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."]; *People v. Stanley* (1995) 10 Cal.4th 764, 793 [appellate court's role is to evaluate legal argument with citation of authorities on the points made].) It is Caldwell's burden to present an adequate record so as to affirmatively demonstrate trial court error. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794; see *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "We cannot presume error from an incomplete record." (*Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412.) " '[I]f the record is

_____

[1]    California Rules of Court, rule 8.204(a)(1)(C) provides that each appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Courts interpret this rule to mean that the assertions of fact set forth in an appellate brief must be supported by a citation to the volume and page number of the record where that fact appears. (See *Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 936, fn. 4 [defendants' assertion of fact not supported by citation to record].) Even setting aside these technical rule violations, the substance of Caldwell's briefing compels us to conclude any contentions are forfeited.

inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Caldwell's deficient briefing, combined with the lack of reasoned analysis pertinent to the questions at hand on appeal from the court's order granting JNOV compel us to conclude he has forfeited any cognizable appellate contentions. As a result of these failings, and absent any persuasive legal authority on the question, Caldwell likewise has not demonstrated error or prejudice. Even if we reached the merits of one claim, we would reject Caldwell's contention the trial judge "showed his bias and prejudice by ruling against and in complete opposition to the jury on every count." On this record, we conclude that, absent specific evidence of wrongdoing, merely because a judge rules against a party in the course of the proceedings does not make the judge prejudiced against that party. (See *In re Guardianship of L.V.* (2006) 136 Cal.App.4th 481, 500; *Haldane v. Haldane* (1965) 232 Cal.App.2d 393, 395; Code Civ. Proc., § 170.2, subd. (b).)

In reaching our conclusion, we are mindful that Caldwell represents himself on appeal. However, his status as a party appearing in propria persona does not provide a basis for preferential consideration. "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' " (*First American Title*

5

*Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.)

DISPOSITION

The judgment is affirmed.


_____

O'ROURKE, J.

WE CONCUR:


_____

HUFFMAN, Acting P. J.


_____

McINTYRE, J.