PARTIDO SOCIALISTA PUERTORRIQUEÑO (PSP), peticionario, *v.* TRIBUNAL ELECTORAL DE PUERTO RICO, demandado.

*Número:* O-75-398    *Resuelto:* 8 de octubre de 1975

*Felipe Cirino Colón,* abogado del peticionario; *Ramírez & Rivera,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

El primero de agosto de 1975, al iniciarse la reciente inscripción general de electores, el recurrente Partido Socialista Puertorriqueño, (1) en adelante PSP, solicitó del Tribunal Electoral una orden dirigida a las Juntas Locales para que éstas entregaran a sus observadores la sexta copia de toda petición de inscripción (2) y se instruyera a tales Juntas y demás funcionarios que tomaran las medidas para que las copias fueran legibles. Mediante Resolución del 3 de agosto,

_____

(1) Quedó acreditado como Partido por Petición ante el Tribunal recurrido el 26 de junio de 1975.

(2) Los otros partidos políticos durante el transcurso del proceso inscripcionario recibieron sus respectivas copias.

el Tribunal instruyó a los enumeradores de que debían asegurarse de que todas las ocho (8) copias de las peticiones fueran legibles, reescribiendo las mismas cuando fuere necesario, instrucción que reiteró el día 14 de dicho mes.

Con fecha 18 de agosto, el tribunal recurrido emitió la siguiente Resolución:

"POR CUANTO: El Partido Socialista Puertorriqueño radicó una moción en la que *solicita que se le entregue una copia legible* de todas las peticiones de inscripción que se cumplimenten;

POR CUANTO: La copia perteneciente a dicho partido, según la reglamentación vigente, es la séptima copia. El susodicho partido ha insistido en que su copia *no es legible.*

POR CUANTO: El Tribunal Electoral, para aminorar la posibilidad de ilegibilidad, dictó la Resolución 75-59, mediante la cual instruyó a los enumeradores que se asegurasen de que la séptima y octava copias fueran legibles, aunque tuvieran que pasarle por encima a las últimas copias;

POR CUANTO: El Tribunal Electoral, en su Resolución 75-64 instruyó a todos los partidos políticos a que enviaran dos colaboradores a cada Junta o SubJunta Local para que ayuden en la labor clerical de la clasificación y archivo de materiales y también para que colaboren para producir las copias que el Partido Socialista Puertorriqueño o algún otro partido principal o por petición entendiera que no era legible en alguna de sus partes;

POR CUANTO: El inciso F del Artículo 5-010 [*sic*] *no dice literalmente que las copias que se entreguen a los partidos políticos obligatoriamente han de resultar legibles* y esto *en algunos casos* puede resultar imposible porque en un proceso de esta magnitud no se puede garantizar que la totalidad de los enumeradores seguirán las instrucciones que le requieren apretar el bolígrafo y aclarar las copias en las que la impresión sea tenue. Eso es así, especialmente cuando en este momento hay partidos locales por petición certificados en algunos precintos que obligarían añadir copias adicionales de la petición de inscripción;

POR CUANTO: El Partido Socialista Puertorriqueño solicita que se le entregue, en vez de la séptima copia, *la copia de la Junta*

232

*Local, la cual es indispensable para el proceso de revisión y para que el Oficial de Revisión descargue las funciones que le encomienda el Código;*

POR TANTO: Se declara SIN LUGAR la petición incluída en el inciso B de la Moción del día 1 de agosto de 1975 para que se instruya a los jueces que presiden las Juntas Locales a entregar al Partido Socialista Puertorriqueño una copia legible en todas sus partes de la petición de inscripción. Dichas Juntas deben hacer el esfuerzo máximo, en unión con los colaboradores de los partidos políticos, especialmente del Partido Socialista Puertorriqueño, para entregar las copias legibles al Partido Socialista Puertorriqueño, *pero no debe entenderse como una obligación jurídica de la Junta Local el que sean legibles las copias del Partido Socialista Puertorriqueño o de cualquier otro partido político que se querelle de que sus copias no lo son.*

POR TANTO: Se declara CON LUGAR el inciso A de dicha Moción para que se entregue la sétima copia perteneciente al Partido Socialista Puertorriqueño o a su representante en el nivel de la Junta Local.

POR TANTO: Se declara con lugar el inciso C de dicha Moción y se ordena a las Juntas Locales que en el caso de que no haya ni representante ni observador de dicho partido en las Juntas o SubJuntas Locales, se proceda a guardar la copia perteneciente a ese partido y entregarla a requerimiento de cualquier miembro debidamente identificado del Partido Socialista Puertorriqueño mediante firma del recibo correspondiente." (Énfasis suplido.)

No conforme con dicho dictamen el PSP acudió a este foro. En 4 de septiembre dictamos la siguiente providencia:

"Considerada la demanda de mandamus e injunction radicada por el Partido Socialista Puertorriqueño el 27 de agosto de 1975 como un recurso de revisión de la Resolución del Tribunal Electoral dictada el 18 de agosto de 1975 y notificada en igual fecha, se concede al Tribunal Electoral de Puerto Rico un término improrrogable de quince (15) días para que comparezca por escrito a mostrar causa por la cual no deba revocarse la resolución recurrida, y en su lugar ordenar que dicho Tribunal provea al

Partido Socialista Puertorriqueño una copia legible de todas las peticiones de inscripción cumplimentadas durante la reciente inscripción general de electores."

La controversia planteada se reduce a determinar si el recurrente PSP tiene derecho a *una copia legible* de toda petición de inscripción. Ante nos, el Tribunal Electoral consigna los antecedentes y preparativos administrativos previos relacionados con la mecánica que siguió en torno a los impresos de las peticiones de inscripción, posibles alternativas, y las providencias tomadas para asegurar que el PSP obtuviera una copia legible. Puntualiza las siguientes medidas tomadas al finalizar la inscripción general: que dio instrucciones a las Juntas Locales para que éstas remitieran a su Oficina de Operaciones Electorales todo el material activo e inactivo incluyendo las copias de peticiones de inscripción, con excepción de la copia perteneciente a la Junta Local; que dispuso la inmediata clasificación y archivo por precintos del material y la separación de las copias número séptima y octava de las referidas peticiones; que se ha venido realizando dicha labor, y al viernes 19 de septiembre de 1975, se había clasificado el material correspondiente a las Juntas Locales de diez y seis Municipios, que está listo para ser entregado al PSP; que prácticamente todas las Juntas han remitido gran número de séptimas y octavas copias de la petición de inscripción; que a solicitud del partido recurrente se le entregó las copias correspondientes a los precintos 17 de Cataño y 7 de Bayamón; *y que aproximadamente un 50% de las séptimas copias son legibles.* Expone finalmente la responsabilidad ineludible de los partidos políticos, candidatos y electores de cooperar para el eficaz funcionamiento del Código Electoral proponiendo como soluciones prácticas al recurso interpuesto: (1) que el PSP reclame y reciba los paquetes con copias legibles y no legibles ya clasificadas por el Tribunal; que si desea sólo las peticiones legibles así lo comunique para separarse y entregarse solamente éstas; que si interesa algún precinto en par-

ticular lo comunique para darle preferencia a la organización y entrega de dicho precinto; que a medida que se vayan preparando las listas de electores provisionales, éstas se hagan disponibles a los representantes del Partido Socialista Puertorriqueño en la Oficina Operacional para su examen, señalándose que dichas listas contienen toda la información básica que surge de las peticiones; y que al terminarse la perforación electrónica de la información contenida en las copias de las peticiones pertenecientes al Tribunal, éstas sean puestas a disposición del Partido Socialista Puertorriqueño para su cotejo. [3]

En escrito de réplica fechado 25 de septiembre de 1975 y denominado *Moción Interesando Orden* el peticionario señala la improcedencia de las recomendaciones y alternativas formuladas por el tribunal recurrido aduciendo en síntesis que ello constituye una dilación más a su derecho invocado desde el primero de agosto, resultando ineficaz la obtención de paquetes con copias de peticiones ilegibles y que tales alternativas conllevan hacer académico el derecho del Partido Socialista Puertorriqueño a participar efectivamente en el proceso de revisión de las listas provisionales de electores. Tiene razón.

Si bien el trasfondo de hechos expuestos tiende a indicar que el tribunal recurrido durante el proceso inscripcionario tomó varias medidas encaminadas a garantizar que todas las copias de las peticiones de inscripción estuvieran debidamente cumplimentadas y fueran legibles, ciertamente la ilegibilidad de las séptima y octava copias—sea en una proporción de 50 u 80 por ciento—se debió razonablemente a la falta de adiestramiento o a la inhabilidad de los enumeradores para implementar en todo su alcance las mismas. El hecho de haberse

---

[3] Con su alegato, el recurrido acompañó varios exhibits consistentes de tres contratos de impresión de formularios, una muestra del formulario de inscripción, una copia del Boletín Informativo, una copia de una Moción, Orden, Recibo y Certificación.

abstenido el PSP de participar en el proceso inscripcionario desistiendo de nombrar observadores indudablemente contribuyó también a agravar el problema de falta de copias legibles.

Reconocemos la magnitud y complejidad de un proceso de inscripciones generales y que de ordinario resulta inevitable que algunas copias de las peticiones de inscripción sean ilegibles. Cuando la situación alcanza los porcientos admitidos por el recurrido hay que proveer remedios prácticos que armonicen los distintos intereses envueltos.

Consideramos que más que una negativa arbitraria, como apunta el peticionario, el tribunal recurrido se ha confrontado con obstáculos y razones prácticas incluyendo la del costo que le han impedido entregar prontamente al PSP una copia legible. No se requiere gran elaboración para sostener que las copias de las peticiones de inscripción para que sean útiles al proceso eleccionario deben ser legibles. De no ser así no se lograría el propósito que tuvo la Asamblea Legislativa al establecer que se entregaría al organismo directivo municipal de cada partido político una copia de la petición de inscripción. Art. 5-013(f) Código Electoral. Si así no fuera implicaría que el Poder Legislativo reconoció a los partidos el derecho a obtener un documento para depurar el proceso electoral, para luego negarle utilidad por resultar ilegible. Las disposiciones del Código Electoral y sus reglamentos requieren que el Tribunal Electoral, en el descargo de sus funciones, dé plena vigencia no sólo a su texto sino al espíritu que las inspiró. *P.N.P.* v. *Tribunal Electoral*, 104 D.P.R. 1 (1975).

Aun cuando hemos concluido que la negativa del tribunal recurrido respondió a problemas de tipo práctico-administrativo, coincidimos con el peticionario que las alternativas propuestas harían inefectivo su derecho a una copia legible de cada petición de inscripción. En justo equilibrio de estos intereses en conflicto resolvemos que al peticionario

se le deben facilitar copias legibles de las peticiones de inscripción, sustituyendo con copias fotostáticas las peticiones ilegibles o facilitarle las copias que están en poder de las Juntas Locales o cualquier otra forma alternativa que logre el propósito que hemos expuesto anteriormente de facilitar una copia legible. El Tribunal Electoral tendrá presente la necesidad de aligerar el proceso de entrega para que no se convierta en académico el derecho del peticionario.

Se dictará sentencia *revocando la Resolución recurrida en lo que respecta a la entrega al Partido Socialista Puertorriqueño de las copias legibles de las peticiones de inscripción y proveyendo conforme a lo expuesto.*