JOSÉ A. PURCELL AHMED, demandante, *v.* HON. VÍCTOR M. PONS NÚÑEZ, HON. ANTONIO S. NEGRÓN GARCÍA, HON. FRANCISCO REBOLLO LÓPEZ, HON. MIRIAM NAVEIRA DE RODÓN, HON. FEDERICO HERNÁNDEZ DENTON, HON. RAFAEL ALONSO ALONSO y HON. JOSÉ A. ANDRÉU GARCÍA, demandados.

*Número:* MD-92-2 *Resuelto:* 22 de enero de 1992

*Juan R. Marchand Quintero, José E. Colón Rodríguez* y *Francisco Ortiz Santini,* abogados del peticionario.

PER CURIAM: El 2 de marzo de 1990 el Sr. José A. Purcell Ahmed y el rotativo *El Vocero de Puerto Rico* presentaron un escrito de apelación ante este Tribunal en el caso *El Vocero de P.R. (Caribbean Int. News Corp.) y otros v. Estado Libre Asociado de P.R. y otros,* Civil Núm. KAC–89–1766

(1003), sobre sentencia declaratoria e *injunction*, cuestionando la sentencia dictada el 29 de enero de 1990 por el Tribunal Superior, Sala de San Juan.([1]) En su sentencia, el foro de instancia desestimó la demanda por entender que la Regla 23(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, que establece que la vista preliminar se celebrará en privado a menos que al iniciarse la misma el imputado solicite que sea pública, es constitucional, ya que el derecho a la intimidad y a que se le garantice a todo acusado un juicio justo e imparcial tiene prioridad sobre el derecho limitado de acceso del público y de la prensa a los procedimientos de vista preliminar tal y como se conducen en Puerto Rico.([2])

Luego de una serie de mociones, tanto de la parte apelante como de la parte apelada, el caso quedó finalmente sometido el 1ro de febrero de 1991. Con posterioridad, el 19 de febrero de 1991 y el 14 de enero de 1992, la parte apelante solicitó mediante mociones que se le diera preferencia urgente a la resolución del caso AC-90-181.

El 17 de enero de 1992 el codemandante Purcell Ahmed presentó ante este Tribunal una solicitud de *mandamus* dirigida contra todos sus Jueces. Cuatro (4) días más tarde, el 21 de enero, éstos fueron emplazados a través del Secretario del Tribunal, Lcdo. Francisco R. Agrait Lladó. En dicho recurso se solicitó "se orde[nase] la pronta adjudicación de la apelación en cuestión". Solicitud de *mandamus*, pág. 5.

---

([1]) El recurso ante nuestra consideración es el AC–90–181.

([2]) El recurso en el caso AC-90-181 que se encuentra ante nuestra consideración requiere que se analice la controversia constitucional tomando en consideración lo resuelto en *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986), la vista preliminar de California y la vista preliminar de Puerto Rico, según los respectivos estatutos han sido interpretados por los tribunales de California y de Puerto Rico.

I

■ El Art. 649 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3421, define el auto de *mandamus* así:

El auto de *mandamus* es un auto altamente privilegiado dictado por el *Tribunal Supremo del Estado Libre Asociado*, o por el Tribunal Superior de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, *y dirigido* a alguna persona o personas naturales, a una corporación o *a un tribunal judicial de inferior categoría, dentro de su jurisdicción* requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo. (Énfasis suplido.)

■ El *mandamus* es un recurso civil extraordinario privilegiado. *Dávila v. Superintendente de Elecciones*, 82 D.P.R. 264 (1960). Dicho recurso, de procedencia anglosajona, se originó en Inglaterra para los siglos catorce (XIV) y quince (XV). En 1903, por vía del estado de California —Arts. 1085 a 1094 del Código de Enjuiciamiento Civil de California— fue incorporado al derecho procesal puertorriqueño mediante la Ley de 12 de marzo. S.S. Merrill, *Law of Mandamus*, Madison, State Journal Printing Co., 1892, Cap. I; L.L. Jaffe, *Judicial Review and the Rule of Law: Historical Origins*, 72 (Núm. 287) L.Q. Rev. 345, 359 (1956).

■ Con relación a los tribunales en sus funciones judiciales, el *mandamus* sólo procede para obligar a un tribunal de menor jerarquía a que actúe, o sea, que cumpla con su deber ministerial de resolver una controversia que se encuentre bajo su consideración. No procede para evaluar la corrección de la decisión del tribunal. *Pueblo v. La Costa, Jr., Juez*, 59 D.P.R. 179 (1941); *Espina v. Calderón, Juez, y Sucn. Espina, Int.*, 75 D.P.R. 76 (1953); *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975); D. Rivé Rivera, *Recursos Ex-*

*traordinarios*, Atlanta, Darby Printing Company, 1989, Cap. II.

■ Por la naturaleza misma del auto de *mandamus*, que requiere que éste sea emitido por un tribunal de mayor jerarquía y dirigido a uno de menor jerarquía, ni en Puerto Rico, ni en el Tribunal Supremo de Estados Unidos ni en ninguno de los tribunales apelativos de última instancia de los estados de la Unión se ha planteado la situación que hoy nos ocupa, esto es, presentar un *mandamus* al tribunal de última instancia para que éste se obligue a resolver un caso. Un tribunal no tiene jurisdicción para expedir un auto de *mandamus* contra sí mismo. Arts. 649 y 650 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 3421 y 3422.

En una situación análoga, pero con relación a un auto de *mandamus* presentado ante un tribunal de instancia, el Tribunal Supremo de Minnesota resolvió que un juez de distrito no se podía ordenar a sí mismo a hacer algo mediante este recurso. *State v. County of Hennepin*, 89 N.W.2d 907 (1958). De otra parte, en *Haldane v. Superior Court of Los Angeles Country*, 34 Cal. Rptr. 572 (1963), se le requirió a un Tribunal Superior de California expedir un *mandamus* contra sí mismo. El tribunal apelativo determinó que dicho Tribunal Superior no tenía poder, autoridad ni jurisdicción para hacer esto, ya que el *mandamus* sólo se puede dirigir por un tribunal de mayor jerarquía contra uno de menor jerarquía para que este último actúe.

■ Como corolario lógico de todo lo antes expresado, también se ha reconocido que un tribunal de menor categoría no tiene autoridad para expedir un auto de *mandamus* dirigido a un tribunal de mayor jerarquía. *State v. Miller*, 128 N.E.2d 108 (1955).[3]

---

[3] En este caso se consolidaron dos (2) recursos. En uno se solicitó al Secretario del Tribunal Supremo de Ohio, mediante un *mandamus* presentado ante el tribunal

## II

 Ahora bien, lo expuesto no es incompatible con que consideremos el recurso de *mandamus* presentado como una moción que solicite se le dé atención prioritaria al caso Núm. AC-90-181. Tomando en consideración la importancia de la controversia planteada, el interés público que la misma entraña y los diferentes casos de igual naturaleza e importancia que se encuentran ante la consideración del Tribunal, éste le está dando al caso Núm. AC-90-181 la atención y evaluación ponderada acostumbrada para resolverlo con la prioridad que el mismo amerita.(⁴)

Por todo lo antes expuesto, *se dictará sentencia desestimando el auto de "mandamus" presentado por falta de jurisdicción. Considerado éste como una moción que solicita se le dé atención prioritaria al caso Núm. AC-90-181, el Tribunal, luego de considerar la importancia de la controversia planteada, el interés público que la misma entraña y los diferentes casos de igual naturaleza e importancia que se encuentran ante su consideración, hace constar que le está dando al caso Núm. AC-90-181 la atención y evaluación ponderada acostumbrada para resolverlo con la prioridad que el mismo amerita.*

---

de apelaciones (un tribunal inferior), presentar un afidávit de descualificación recibido por él. En el otro se le solicitó al tribunal de apelaciones que le prohibiera a los Jueces del Tribunal Supremo hacer cierta determinación en el mismo caso.

(⁴) Con este dictamen disponemos de las mociones análogas de 19 de febrero de 1991 y 14 de enero de 1992.