EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Estado Libre Asociado de Puerto Rico<br><br>     Peticionario<br><br>              v.<br><br>Magalie Hosta Modesti; Manuel Díaz Morales; Elba Rosa Rodríguez Fuentes; Arlene Torres Ortiz; Miembros Panel sobre el Fiscal Especial Independiente<br><br>     Demandados | Mandamus<br><br>2006 TSPR 181<br><br> 169 DPR \_\_\_\_ |

Número del Caso: MD-2006-8


Fecha: 5 de diciembre de 2006


Abogados de la Parte Peticionaria:

                         Lcdo. Lcdo. Roberto J. Sánchez Ramos
                         Secretario de Justicia

                         Lcdo. Salvador J. Antonetti Stutts
                         Procurador General

                         Lcda. Kendys Pimentel Soto
                         Fiscal Auxiliar I



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Estado Libre Asociado de
Puerto Rico

    Peticionario

       vs.

Magalie Hosta Modesti;
Manuel Díaz Morales;
Elba Rosa Rodríguez Fuentes;
Arlene Torres Ortiz; Miembros
Panel Sobre el Fiscal Especial
Independiente

    Demandados

MD-2006-8     MANDAMUS

RESOLUCION

San Juan, Puerto Rico, a 5 de diciembre de 2006

A la Petición de *Mandamus* presentada por el Estado Libre Asociado de Puerto Rico, por conducto de su Secretario de Justicia, el Hon. Roberto J. Sánchez Ramos, se provee no ha lugar por ser improcedente en derecho.

El 1 de diciembre de 2006 el Panel sobre el Fiscal Especial Independiente --en adelante, Panel-- emitió Resolución declarándose sin jurisdicción para entender en el Asunto de la Investigación en torno al Dr. Pedro J. Rosselló González, ex Gobernador del Estado Libre Asociado de Puerto Rico. Luego de examinado el informe remitido por el Secretario de Justicia y la evidencia acompañada, el Panel concluyó que carecía de jurisdicción para entender en dicho asunto, pues el término de cuatro años exigido por Ley para la designación de un Fiscal Especial Independiente[1], en lo referente a un ex-funcionario público, transcurrió sin que el Secretario de Justicia actuara, contándose dicho término desde el momento en que el Dr. Rosselló González cesó en sus funciones de Gobernador.

---

[1] Artículo 4 de la Ley Núm. 2 del 23 de febrero de 1988, 3 L.P.R.A. § 99k.

Inconforme, el Estado Libre Asociado de Puerto Rico --a través de su Secretario de Justicia-- acude ante nos mediante la presente Petición de *Mandamus*, solicitándonos que le ordenemos al Panel cumplir con su "deber ministerial" de asumir jurisdicción en el asunto de referencia y, por consiguiente, que proceda a resolver el mismo en sus méritos. Sostiene que la falta de jurisdicción decretada responde a una interpretación errónea de la Sección 99k de la Ley Núm. 2 del 23 de febrero de 1988, la cual delimita la jurisdicción del Panel. Entiende que respecto a los funcionarios incumbentes la Ley le concede al Panel jurisdicción plena e ilimitada, independientemente de si los delitos imputados se cometieron durante el ejercicio de un cargo anterior y del transcurso del término de cuatro años dispuesto en la Ley. Aduce, además, que a pesar de que los delitos imputados al Dr. Rosselló González se cometieron siendo éste Gobernador, el Panel tiene jurisdicción plena y exclusiva sobre el asunto por tratarse de un funcionario incumbente como miembro de la Asamblea Legislativa.

I

Luego de analizado el recurso de *mandamus* presentado, entendemos que procede declararlo No Ha Lugar, pues no se cumplen los criterios exigidos en nuestro ordenamiento jurídico para su expedición.

Sabido es que el recurso de *mandamus* es un recurso extraordinario que procede, en lo pertinente, únicamente cuando se carece de otro remedio legal adecuado y eficaz en el curso ordinario de la ley. 32 L.P.R.A. § 3423. En el presente caso, el Estado Libre Asociado tiene a su haber otro remedio adecuado en ley para dirimir la controversia planteada.

En Ortiz Rivera v. Panel sobre FEI, 155 D.P.R. 219 (2001), este Tribunal resolvió que el Panel es una agencia, según definida por la Ley de Procedimiento Administrativo Uniforme y, como tal, le aplican las disposiciones de dicho estatuto. Ello implica que el Estado Libre Asociado tiene a su disposición el recurso de revisión judicial, ante el Tribunal de Apelaciones, para dirimir la controversia de derecho esbozada en el recurso, según este remedio se encuentra regulado en la Ley de Procedimiento Administrativo Uniforme. No hay duda de que se trata de una resolución final[2], emitida por una agencia

_____

[2] La Ley de Procedimiento Administrativo Uniforme define el término orden o resolución como "cualquier decisión o acción agencial de aplicación particular que adjudique derechos u obligaciones de una o más personas
(Continúa ...)

administrativa, que es revisable ante el Tribunal de Apelaciones conforme lo regula la Ley de Procedimiento Administrativo Uniforme.[3]

Existiendo otro remedio en ley, resulta inescapable la conclusión de que carecemos de jurisdicción para entender en la Petición de *Mandamus* presentada y cualquier expresión nuestra respecto a la controversia en sus méritos constituiría una "opinión consultiva".

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emitió un Voto de Conformidad. El Juez Asociado señor Fuster Berlingeri emitió un Voto Disidente. La Juez Asociada señora Rodríguez Rodríguez inhibida.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

---

específicas…". 3 L.P.R.A. § 2102 (f). La orden o resolución de una agencia será final si pone fin a todas las controversias dilucidadas ante la agencia, cuyo efecto es sustancial sobre las partes. Administración v. Coordinadora Unitaria, res. el 19 de octubre de 2005, 2005 T.S.P.R. 147. En el presente caso, la resolución del Panel es final debido a que ésta puso fin a la controversia traída ante dicha agencia, entiéndase, si procedía la designación de un Fiscal Especial Independiente en el asunto referido. De igual forma, la resolución emitida cumple con los criterios de forma establecidos en la Ley de Procedimiento Administrativo Uniforme, pues expone determinaciones de hecho, conclusiones de derecho, se encuentra firmada por los funcionarios autorizados en ley y, al no dejar asunto pendiente de resolver, el recurso de revisión judicial se encuentra disponible para revisarla. 3 L.P.R.A. § 2164; Administración v. Coordinadora Unitaria, ante.

[3] De hecho, el Estado ha radicado un recurso de revisión judicial ante el Tribunal de Apelaciones ayer, 4 de diciembre de 2006, mediante el cual solicita la revisión de la decisión emitida por el Panel del Fiscal Especial Independiente en controversia en el presente caso.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Estado Libre Asociado de<br>de Puerto Rico | * |
| | * |
| | * |
| Peticionario | * |
| | * |
| v. | *      MD-2006-8 |
| | * |
| Magalie Hosta Modestti | * |
| Miembro del Panel Sobre el Fiscal  * | |
| Especial Independiente | * |
| | * |
| Manuel Díaz Morales        * | Mandamus |
| Miembro del Panel Sobre el Fiscal  * | |
| Especial Independiente | * |
| | |
| Elba Rosa Rodríguez Fuentes | * |
| Miembro del Panel Sobre el Fiscal  * | |
| Especial Independiente | * |
| | |
| Arlene Torres Ortiz        * | |
| Directora Ejecutiva del Panel Sobre | * |
| el Fiscal Especial Independiente | * |
| | * |
| Recurridos | * |

*************************************

Voto de Conformidad emitido por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico a 5 de diciembre de 2006.

Estamos conformes con la determinación de la mayoría de <u>denegar</u> el auto de *mandamus* solicitado por el Secretario de Justicia ya que el mismo es improcedente en derecho. No obstante, consideramos preciso expresarnos de forma particular para hacer constar claramente nuestra posición al respecto.

I

Mediante el recurso de epígrafe se nos solicita la revisión de una determinación del Panel del Fiscal Especial Independiente (en adelante, Panel del F.E.I.)

declarándose sin jurisdicción para aceptar un referido del Secretario de Justicia con el fin de que se investigue determinada conducta del Senador Pedro Rosselló González, mientras éste ejercía el cargo de Gobernador. El fundamento del Secretario de Justicia para solicitar el auto de *mandamus* descansa en la premisa de que el Panel del F.E.I. se negó a aceptar el referido y ejercer jurisdicción aún cuando tenía el deber ministerial de hacerlo.

Después de presentado el recurso de autos, y mientras se diligenciaban los emplazamientos correspondientes, el Secretario de Justicia radicó un recurso de revisión ante el Tribunal de Apelaciones, donde reprodujo prácticamente los mismos señalamientos que trajo ante nuestra atención. Poco después, presentó ante nos un recurso de Certificación intra-jurisdiccional solicitando la elevación del caso que pende ante dicho foro.

II

Al evaluar el recurso de autos, partimos de la premisa que el auto de *mandamus* está disponible para ordenar a una persona o personas naturales, a una corporación o a un tribunal de inferior jerarquía que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil (1933), 32 L.P.R.A. sec. 3421. Este recurso, por mandato expreso de ley, es uno <u>altamente privilegiado</u> y su

expedición es discrecional. Aunque este Tribunal está facultado para expedirlo como parte de su jurisdicción original, de ordinario lo hacemos con prudencia y en circunstancias meritorias. Véanse Const. E.L.A., Art. V, Sec. 5, 1 L.P.R.A.; Ley de la Judicatura de 2003, Art. 3.002(a), 4 L.P.R.A. sec. 24s(a); Art. 650 del Código de Enjuiciamiento Civil (1933), 32 L.P.R.A. sec. 3422.

La procedencia del *mandamus* depende inexorablemente del carácter del acto que se pretende compeler mediante dicho recurso. D. Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Ed. U.I.A., 1996, pág. 107. Solamente debe expedirse cuando la persona a quien va dirigido esté "obligada al cumplimiento de un acto que la ley particularmente ordene como deber resultante de un empleo, cargo o función pública". 32 L.P.R.A. sec. 3422 y 3423. Es decir, el mismo sólo procede para ordenar el cumplimiento de un deber ministerial, que no admite discreción en su ejercicio, cuando no hay otro mecanismo en ley para conseguir dicho remedio. *Báez Galib v. C.E.E.*, 152 D.P.R. 382 (2000).

De la normativa esbozada surge con claridad que la procedencia del recurso de *mandamus* precisa, como cuestión de umbral, que exista un deber ministerial de realizar determinada función. Asimismo, se requiere que la persona o entidad obligada a ejecutarla se niegue a hacerlo. Por lo tanto, cuando la conducta que se pretende compeler admite algún grado de discreción en su

ejercicio, o ya ha sido ejecutada, el *mandamus* el totalmente improcedente en derecho.

Por otro lado, las disposiciones aludidas establecen que la procedencia del *mandamus* depende de que se demuestre la inexistencia de otro mecanismo en ley para obtener el remedio solicitado. Por consiguiente, cuando la parte interesada tiene alternativas adecuadas para procurar tal remedio, procede denegar el recurso. Evidentemente, esta normativa responde a la naturaleza privilegiada del auto mencionado.

III

Tomando en cuenta el análisis presentado, examinemos primero si existe en este caso un incumplimiento de un deber ministerial. La conducta del Panel del F.E.I. que no admitía discreción en su ejercicio era acoger inicialmente el referido del Secretario con el fin de evaluar su facultad para entender en el mismo. El Panel evaluó dicho referido y, mediante una votación dividida, determinó que no tenía jurisdicción. Por lo tanto, independientemente de la corrección de tal dictamen, no cabe duda que el Panel cumplió con lo que constituía su obligación legal. Así, pues, no estamos ante una negativa del Panel de aceptar el referido del Secretario, sino ante un dictamen de la entidad declarándose sin jurisdicción. En consecuencia, en estas circunstancias no existe un deber ministerial que haya sido incumplido y debamos obligar a ejecutar.

La sola ausencia del requisito mencionado convierte en improcedente la solicitud de epígrafe. No obstante, de todas maneras examinaremos el segundo criterio para conceder un auto de *mandamus*. El mismo se basa en la demostración de la inexistencia de otro mecanismo en ley para obtener el remedio solicitado.

En este caso, dado que el Panel del F.E.I. constituye una agencia administrativa, sus determinaciones pueden ser revisadas ante el Tribunal de Apelaciones. *Ortiz Rivera v. Panel del F.E.I.*, 2001 TSPR 134. Ley de Procedimiento Administrativo Uniformem, 3 L.P.R.A. sec. 2172. De hecho, en aceptación de esta realidad, el Secretario se Justicia ya recurrió ante el Tribunal de Apelaciones procurando la revisión del dictamen administrativo. Incluso, ya en ocasiones anteriores el Secretario de Justicia ha acudido en revisión de las determinaciones del Panel del F.E.I. ante el Tribunal de Apelaciones. Así ocurrió, por ejemplo, en el caso *"En el asunto de la investigación en torno a Juan M. Cruzado, Ex Alcalde de Vega Baja"*, 2003 TSPR 21. No cabe duda, por tanto, que el Secretario de Justicia tiene a su haber otro mecanismo para obtener lo que solicita en el recurso de autos y, por tanto, no se justifica la intervención de este Tribunal mediante el recurso <u>extraordinario</u> del *mandamus*.

Más aún, entendemos que el Secretario de Justicia tiene a su disposición una alternativa adicional después

de la determinación del Panel declarándose sin jurisdicción. Nos referimos a la facultad de presentar las acusaciones que estime pertinentes ante el Tribunal de Primera Instancia. Siendo así, somos del criterio que el asunto que se trae ante nuestra consideración mediante la solicitud de un recurso excepcional, puede ser atendido por otras vías ordinarias y adecuadas. En vista de ello, entendemos que en estas circunstancias estamos impedidos de acceder a la solicitud del Secretario de revisar mediante *mandamus* la determinación del Panel del F.E.I. declarándose sin jurisdicción. Avalar otra posición, implicaría trastocar el derecho aplicable y abrir las puertas a un uso inapropiado y desmesurado de un recurso de esta naturaleza.

Finalmente, interesamos señalar que nuestro dictamen no significa que estamos emitiendo juicio alguno sobre los méritos de la investigación remitida al Panel del F.E.I. por el Secretario de Justicia, ni sobre la corrección de la decisión del Panel de declararse sin jurisdicción. Por el contrario, nuestra determinación se limita a la procedencia del recurso solicitado en esta etapa de los procedimientos.

En fin, por entender que el recurso solicitado es improcedente en derecho, coincidimos con la decisión de la mayoría de denegar el mismo.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Estado Libre Asociado de
Puerto Rico

      Vs.                         MD-2006-8

Panel sobre Fiscal Especial
Independiente

Voto Disidente emitido por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 5 de diciembre de 2006.

Estoy en desacuerdo con el dictamen de la mayoría del Tribunal de denegar el recurso de *mandamus* solicitado por el Secretario de Justicia de Puerto Rico en el caso de autos.

El dictamen mayoritario no es acertado, en mi criterio, por dos razones.

En primer lugar, si fuera cierto como aduce la mayoría de que no procede el recurso de *mandamus* como tal en el caso de autos, aun así este Foro tiene la facultad de **acoger** el escrito presentado por el Secretario de Justicia como una **solicitud de revisión** y pasar a resolver en sus méritos la controversia planteada en el escrito referido. **Así lo hemos hecho varias veces antes**. En

otras ocasiones **hemos obviado los tecnicismos legales** y hemos estimado que la controversia que se nos ha planteado es de tal interés público que debemos atenderla de inmediato, aunque no se haya utilizado la vía procesal más atinada para traerla ante nuestra consideración. Así lo hicimos, por ejemplo, en P.S.P. v. Tribunal Electoral de Puerto Rico, 104 D.P.R. 230 (1975); y en Purcell v. Pons Núñez, 129 D.P.R. 711 (1992).

Dicho en otras palabras, lo verdaderamente esencial no es el tipo de recurso invocado sino más bien si el caso presenta una controversia legal real e importante que sólo este Tribunal puede resolver con finalidad. Tal controversia **existe** en el caso de autos; tenemos jurisdicción para considerarla, y no atenderla ahora por un tecnicismo procesal constituye un preciosismo legal que sólo sirve para **prolongar lo inevitable**. En poco tiempo la controversia volverá a este Tribunal por la vía más correcta y habrá que apecharla. Al no considerarla ahora por insistir la mayoría en unos tecnicismos que en otras ocasiones hemos obviado, sólo se logra alargar este asunto.

La segunda razón por la cual creo que el dictamen mayoritario no es acertado es aún más fundamental que la expresada en los párrafos anteriores. En este caso **sí procede la presentación de un recurso de mandamus**. Lo que el Secretario de Justicia está alegando ante nos es precisamente que una mayoría del Fiscal Especial Independiente se ha negado a cumplir con su deber legal de atender en sus méritos el caso que dicho funcionario les

sometió. Si la alegación del Secretario es válida, procede el *mandamus*. Si dicha alegación es infundada, tendríamos que denegar el *mandamus* <u>en sus méritos</u>, luego de considerar el asunto a fondo. Por ende, estimo que es <u>prematuro</u> que la mayoría del Tribunal esté denegando *a priori* el recurso de *mandamus* solicitado, sin antes haber dilucidado sus méritos, sobre todo cuando estimo que el Secretario podría tener razón en su planteamiento. En efecto, otros tribunales han resuelto que cuando una agencia pública no realiza sus funciones basándose en una interpretación errónea de la ley, procede el recurso de *mandamus*. Véase, <u>Simmons v. Cohen</u>, 534 A.2d 140 (1987); <u>Stoner v. Township of Lower Merion</u>, 587 A.2d 879 (1991). Existen, pues, precedentes claros en el derecho sobre *mandamus* que autorizan que este Tribunal atienda ahora el planteamiento que nos hace el Secretario de Justicia. Si la mayoría no interviene en este momento en este asunto, es porque no quiere hacerlo; pero existen en Derecho fundamentos jurídicos más que suficientes para hacerlo ahora. Me sospecho, sin embargo, que el asunto volverá a este Foro, luego de que lo considere el Tribunal de Apelaciones primero. La mayoría puede denegar la solicitud del Secretario de Justicia en este momento pero no puede evitar tener que encarar el asunto eventualmente.

Por las dos razones brevemente expuestas, disiento.


Jaime B. Fuster Berlingeri
Juez Asociado