*681 Voto disidente emitido por el
Juez Asociado Señor Fuster Berlingeri.
Estoy en desacuerdo con el dictamen de la mayoría del Tribunal de denegar el recurso de mandamus solicitado por el Secretario de Justicia de Puerto Rico en el caso de autos.
El dictamen mayoritario no es acertado, en mi criterio, por dos razones.
En primer lugar, si fuera cierto, como aduce la mayoría, que no procede el recurso de mandamus como tal en el caso de autos, aun así este Foro tiene la facultad de acoger el escrito presentado por el Secretario de Justicia como una solicitud de revisión y pasar a resolver en sus méritos la controversia planteada en el escrito referido. Así lo hemos hecho en varias ocasiones. En otros casos hemos obviado los tecnicismos legales y hemos estimado que la controversia que se nos ha planteado es de tal interés público que debemos atenderla de inmediato, aunque no se haya utilizado la vía procesal más atinada para traerla ante nuestra consideración. Así lo hicimos, por ejemplo, en P.S.P. v. Tribunal Electoral, 104 D.P.R. 230 (1975), y en Purcell Ahmed v. Pons Núñez, 129 D.P.R. 711 (1992).
Dicho en otras palabras, lo verdaderamente esencial no es el tipo de recurso invocado, sino más bien si el caso presenta una controversia legal real e importante que sólo este Tribunal puede resolver con finalidad. Tal controversia existe en el caso de autos; tenemos jurisdicción para considerarla, y no atenderla ahora por un tecnicismo procesal constituye un preciosismo legal que sólo sirve para prolongar lo inevitable. En poco tiempo la controversia volverá a este Tribunal por la vía más correcta y habrá que apecharla. Al no considerarla ahora por insistir la mayoría en unos tecnicismos que en otras ocasiones hemos obviado, sólo se logra alargar este asunto.
*682 La segunda razón por la cual creo que el dictamen mayoritario no es acertado es aún más fundamental que la expresada en los párrafos anteriores. En este caso sí pro-cede la presentación de un recurso de “ mandamus”. Lo que el Secretario de Justicia alega ante nos es precisamente que una mayoría en el Panel del Fiscal Especial Independiente se ha negado a cumplir con su deber legal de atender en sus méritos el caso que dicho funcionario les sometió. Si la alegación del Secretario de Justicia es válida, procede el mandamus. Si dicha alegación es infundada, tendríamos que denegar el “mandamus” en sus méritos, luego de considerar el asunto a fondo. Por ende, estimo que es prematuro que la mayoría del Tribunal esté denegando a priori el recurso de mandamus solicitado sin antes haber dilucidado sus méritos, sobre todo cuando estimo que el Secretario de Justicia podría tener razón en su planteamiento. En efecto, otros tribunales han resuelto que cuando una agencia pública no realiza sus funciones fundamentándose en una interpretación errónea de la ley, procede el recurso de mandamus. Véanse: Simmons v. Cohen, 534 A.2d 140 (1987); Stoner v. Township of Lower Merion, 587 A.2d 879 (1991). Existen, pues, precedentes claros en el derecho sobre mandamus que autorizan que este Tribunal atienda ahora el planteamiento que nos hace el Secretario de Justicia. Si la mayoría no interviene en este momento en este asunto es porque no quiere hacerlo, pero existen en derecho fundamentos jurídicos más que suficientes para hacerlo ahora. Me sospecho, sin embargo, que el asunto volverá a este Foro, luego de que lo considere el Tribunal de Apelaciones primero. La mayoría puede denegar la solicitud del Secretario de Justicia en este momento, pero no puede evitar tener que encarar el asunto eventualmente.
Por las dos razones brevemente expuestas, disiento.